**Shikun SU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74341.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 10, 2005.

Shikun Su, San Gabriel, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**438**

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Shikun Su, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his applications for asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we dismiss in part and deny in part the petition for review.

The IJ found that Su had firmly resettled in Peru because he lived there from 1994 until 2001. Su failed to challenge this dispositive finding before the BIA. Consequently, we lack jurisdiction to review the agency's denial of asylum. *See Zara v. Ashcroft,* 383 F.3d 927, 930–31 (9th Cir. 2004) (holding that exhaustion requirement is jurisdictional and applies to "streamlined" cases).

With regard to the withholding of removal issue, the record does not compel the conclusion that Su provided credible testimony showing a "clear probability"

that he will be persecuted upon returning to China. *See INS v. Stevic,* 467 U.S. 407, 424, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (describing the standards for withholding of removal); *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (requiring a court to uphold an agency decision unless the record compels a contrary result). Consequently, substantial evidence supports the IJ's order denying withholding of removal.

Su's contention that the BIA's decision to streamline violates due process is foreclosed by *Falcon Carriche v. INS,* 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

